IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RYAN VANGDY,

    Defendant.

Case No. 23-10027-JWB

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions to dismiss based on vagueness, the Commerce Clause, and failure to state an offense. (Docs. 28, 30, 31.) The government has responded (Doc. 36), and the motions are ripe for review. The court DENIES the motions for the reasons stated below.

**I.    Background**

Defendant Ryan Vangdy is charged with knowingly possessing firearms while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). (Doc. 1.) The indictment provides no further factual basis.

**II.    Standard**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). An indictment is subject to dismissal for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "An indictment is sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for

the same offense." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) (citation omitted).

Additionally, "[i]t is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *United States v. Walker*, 74 F.4th 1163, 1183 (10th Cir. 2023) (citation omitted), *cert. denied*, 144 S. Ct. 611 (2024), *and cert. denied sub nom*. *Morrison v. United States*, 144 S. Ct. 1079 (2024).  A criminal statute is unconstitutionally vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement."  *Id.* (alteration in original) (citation omitted).

### III.    Analysis

Defendant acknowledges that his Commerce Clause challenge is foreclosed by binding circuit precedent.  (Doc. 30 at 2.)  The court agrees.  *See, e.g.*, *United States v. Patton*, 451 F.3d 615, 635 (10th Cir. 2006) ("Because Mr. Patton's bulletproof vest moved across state lines at some point in its existence, Congress may regulate it under *Scarborough*, even though it does not fall within any of the three categories the Court now recognizes for Commerce Clause authority.")  The court therefore denies the motion to dismiss based on the Commerce Clause.

Defendant also acknowledges that *United States v. Morales-Lopez*, 92 F.4th 936 (10th Cir. 2024), *cert. petition docketed*, No. 23-7728 (S. Ct. June 14, 2024), forecloses his facial vagueness challenge because the statute clearly applies to his behavior.  (Doc. 28 at 4.)  The court thus denies the motions to dismiss based on the Commerce Clause and facial vagueness.

Further, while Defendant seeks to preserve his as-applied vagueness challenge due to waiver concerns under *United States v. Herrera*, 51 F.4th 1226, 1282–84 (10th Cir. 2022), Defendant concedes that this as-applied challenge is fact-intensive and can only be determined based on the facts at trial.  (Doc. 28 at 3–4.)  The court holds that this as-applied challenge requires an evaluation of the general issue at trial, and the motion is thus inappropriate for pretrial determination.  *See United States v. Pope*,

613 F.3d 1255, 1259–63 (10th Cir. 2010) (affirming denial of a pretrial motion to dismiss based on an as-applied § 922(g)(9) affirmative defense as unripe). Defendant's as-applied vagueness challenge is thus denied at this time.

Finally, the court examines Defendant's motion to dismiss for failure to state an offense. (Doc. 31.) Defendant essentially argues that because state and federal law merely criminalize possession, rather than use, he cannot meet the definition of an "unlawful user" under §922(g)(3). (*Id.* at 2–3.) The government points out that, in the context of sentencing, the Tenth Circuit has already construed the phrase "unlawful user" in such a manner that it applies to Defendant. (Doc. 36 at 49.) The court agrees. The Tenth Circuit has explicitly stated that regular and ongoing use of controlled substances qualifies an individual as an "unlawful user." *United States v. Bennett*, 329 F.3d 769, 778 (10th Cir. 2003). Thus, Defendant's argument based on the technicality of state and local law criminalizing possession rather than use is foreclosed. The court denies the motion to dismiss for failure to state an offense.

**IV.    Conclusion**

The motions to dismiss based on vagueness, the Commerce Clause, and failure to state an offense (Docs. 28, 30, 31) are DENIED. Defendant's motion to dismiss based on the Second Amendment (Doc. 29) and Defendant's motion to suppress (Doc. 32) remain pending.

IT IS SO ORDERED.

Dated: July 3, 2024                               /s/John W. Broomes
                                                            JOHN W. BROOMES
                                                            UNITED STATES DISTRICT JUDGE