## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                            Case No. 23-10027-JWB

RYAN VANGDY,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss based on the Second Amendment (Doc. 29) and Defendant's motion to suppress statements given to law enforcement at the hospital as involuntary.  (Doc. 32.)  The government has responded (Doc. 36), and the court held an evidentiary hearing on July 9, 2024, so the motions are ripe for review.  The court DENIES the motion to dismiss and GRANTS the motion to suppress for the reasons stated below.

I.      **Background**

The court finds the following facts from the evidence presented at the hearing.  Police officers arrived at Defendant Ryan Vangdy's home shortly after 1 a.m. on October 6, 2021, in response to a call.  Defendant's hand was bloody and mangled, missing one or more fingers. Defendant was moaning in pain, but he informed officers that he had called for help and that his injury was a result of his butane lighter exploding.  EMS arrived on the scene shortly thereafter, and Defendant was transported to the hospital.  The officers recovered multiple firearms from the home.

At the hospital, Defendant was administered fentanyl.  When asked about his drug use by medical personnel, Defendant admitted to using "weed."  He further explained to medical personnel that his lighter exploded while he was trying to "light his weed."  Shortly after this

conversation, Officer Bowman approached Defendant, who was by then heavily medicated, introduced herself, and then said, "you're not in trouble or anything.  What happened?"  Defendant proceeded to make incriminating statements.  Defendant is charged with knowingly possessing firearms while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).  (Doc. 1.)

## III.   Analysis

The court first analyzes the motion to dismiss.

### A.  Motion to Dismiss

Defendant argues that § 922(g)(3) is unconstitutional facially and as applied to him.  (Doc. 29 at 1.)  When the plain text of the Second Amendment applies to a defendant's conduct, the government has the burden to show that the regulation is consistent with this nation's historical firearm regulation tradition.  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).  This standard requires a "historical analogue" between the modern regulation and historical regulations, not a "historical twin."  *United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *10–11 (U.S. June 21, 2024).

Here, the court presumes that the plain text of the Second Amendment applies to Defendant—a member of the body politic possessing firearms in his home.  To justify the statutory restriction, the government, *inter alia*, offers an analogical example of laws disarming drunk militia members in the eighteenth century.  (Doc. 36 at 36.)  Importantly, the most noteworthy case to consider and reject this logic was *United States v. Daniels*, 77 F.4th 337, 346 (5th Cir. 2023), *cert. granted, judgment vacated*, No. 23-376, 2024 WL 3259662 (U.S. July 2, 2024), which has since been vacated by the Supreme Court in light of *Rahimi*, a case wherein the majority emphasized that *Bruen* does not require a regulation to have a "historical twin."   2024 WL

3074728, at *10.  The government also provides the example of disarming the mentally ill by pointing to Founding-Era laws that authorized locking up "lunatics" and seizing their property. (Doc. 36 at 33.)  Other courts have noted the possibility that when an individual is using drugs, he may be mentally impaired in a manner similar to mental illness.  *See, e.g.*, *Daniels*, 77 F.4th at 349 ("[W]hen Daniels uses marihuana, he may be comparable to a mentally ill individual whom the Founders would have disarmed.").  And here, unlike *Daniels*, there is evidence of drug use contemporaneous with constructive possession of firearms.  Defendant appears to have injured his hand while lighting marijuana to consume while possessing firearms in his home.  The court is satisfied that there are constitutional applications of § 922(g)(3), such that the statutory provision is not unconstitutional on its face nor as applied to the facts of this case.  Historical laws disarming persons who were intoxicated or mentally ill are sufficiently analogous to § 922(g)(3)'s proscription of firearm possession by current drug users to satisfy constitutional scrutiny.  The mental impairments associated with unlawful drug use are akin to similar impairments that justified disarmament of those whose mental faculties were impaired by alcohol or mental illness. The court therefore denies the motion to dismiss.

### B.  Motion to Suppress

Defendant argues that the incriminating statements he made to law enforcement should be suppressed.  (Doc. 32 at 1.)  Specifically, Defendant argues that his statements to Officer Bowman were involuntary.  (*Id.* at 3.)[1]

Even if a defendant is not subject to custodial interrogation, his confession is involuntary and offends due process when "his will has been overborne and his capacity for self-determination

---

[1]  At the hearing, the court discussed with defense counsel the possibility of suppressing statements made to persons other than law enforcement.  The court does not address those statements because they exceed the scope of the motion and would seem to lack the necessary element of police coercion.

critically impaired . . . ." *United States v. Pettigrew*, 468 F.3d 626, 637 (10th Cir. 2006) (citing *United States v. Lopez*, 437 F.3d 1059, 1063 (2006)).  The Supreme Court has determined that when a defendant challenges a confession as involuntary, the burden rests on the prosecution to prove "by a preponderance of the evidence that the confession was voluntary." *Lego v. Twomey*, 404 U.S. 477, 489 (1972).  Under Tenth Circuit precedent, "[t]he determination of voluntariness is based on the totality of circumstances." *United States v. Toles*, 297 F.3d 959, 965 (10th Cir. 2002).

Here, the government has failed to meet its burden.  The video evidence shows that Defendant was heavily impaired from fentanyl administered by hospital personnel when Officer Bowman approached him for questioning.  The court does not fault Officer Bowman for the timing of her questions.  The video evidence makes clear that the officer waited for a lull in the emergency room treatment of Defendant's injuries before she approached him with her questions.  Nevertheless, by that time it is apparent, both from the documentary evidence regarding the administration of multiple doses of fentanyl, as well as the video evidence of the change in Defendant's demeanor, that the fentanyl had done its work such that Defendant was impaired at the time of questioning.  Accordingly, the court finds that Defendant lacked the capacity at that time to engage in voluntary questioning with law enforcement.  The court grants the motion to suppress statements made by Defendant to Officer Bowman in the emergency room.  This ruling has no bearing on other statements made by Defendant.

## IV.   Conclusion

The motion to dismiss based on the Second Amendment (Doc. 29) is DENIED.  The motion to suppress (Doc. 32) is GRANTED.

IT IS SO ORDERED.

Dated: July 12, 2024                    /s/       John Broomes
                                        JOHN W. BROOMES
                                        UNITED STATES DISTRICT JUDGE