IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RYAN VANGDY,

    Defendant.

Case No. 23-10027-JWB

## MEMORANDUM AND ORDER

This matter is before the court on the government's and Defendant's motions in limine. (Docs. 59, 62, 63). The parties have responded (Docs. 73, 74, 75), and the motions are ripe for review. The government's first motion in limine (Doc. 59) is DENIED. The remaining motions (Docs. 62, 63) are GRANTED IN PART AND DENIED IN PART for the reasons described below.

**I.    Background**

Defendant Ryan Vangdy is charged with knowingly possessing firearms while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). (Doc. 1.) The court previously held a hearing where it granted a motion to suppress statements made by Defendant to law enforcement while under the influence of fentanyl administered by hospital staff. (Doc. 42.) The court also previously denied motions to dismiss based on the Second Amendment, (*id.*), vagueness, the Commerce Clause, and failure to state an offense. (Doc. 41.)

**II.    Analysis**

The court first analyzes the motions in the order presented by the parties.

    **A.  Government's First Motion**

The government moves to exclude Defendant's expert, Dr. Gregory Nawalanic. (Doc. 59.) The government argues that the court can exclude Dr. Nawalanic under Rule 702 for several reasons, specifically that the testimony is irrelevant, unhelpful to the jury, only serves to confuse the issues, and is likely to introduce inadmissible hearsay. (*Id.* at 1–2.) Defendant's expert disclosure indicates that Dr. Nawalanic would testify that a hypothetical user who consumed marijuana two to four times a month would not meet the criteria for being diagnosed with cannabis use disorder under the DSM-5. (Doc. 48 at 2.) Dr. Nawalanic would not offer an opinion as to whether Defendant was an unlawful user of a controlled substance on October 6, 2021. (*Id.* at 1–2.) Defendant argues in response that the standard for relevance is liberal, and the expert testimony "contextualizes what use is regular among unlawful users of marijuana and provides a basis to infer that [Defendant] was not a regular user at the time he allegedly possessed the firearms." (Doc. 75 at 1–2.)

The court finds that Dr. Nawalanic's testimony is relevant to the issues being presented to the jury. The primary inquiry for the jury is whether Defendant possessed a firearm in or affecting interstate commerce when he was a regular and ongoing user of a controlled substance. *See* 18 U.S.C. § 922(g)(3); *United States v. Morales-Lopez*, 92 F.4th 936, 945 (10th Cir. 2024). Cannabis use disorder would make it more likely that the individual was an unlawful user within the meaning of the statute. Moreover, this potentially helpful information is not greatly outweighed by the risk of confusion because Dr. Nawalanic is not trying to testify to the ultimate legal issues, and any hearsay concerns can be dealt with by contemporaneous objection. The court therefore denies the motion to exclude Dr. Nawalanic's testimony.

**B. Government's Second Motion**

The government raises four topics in its second motion, which the court addresses below.

1. **Plea Negotiations**

The government moves to exclude evidence of plea negotiations under Rules 401–03. (Doc. 62 at 1.) Defendant does not address this motion in his response. (Doc. 74.) So the court grants this motion as unopposed.

2. **References to Potential Punishment**

The government moves to exclude evidence and argument surrounding potential penalties Defendant may face due to his conduct. (Doc. 62 at 2.) Defendant does not address this argument in his response, so the motion is granted as unopposed.

3. **Exculpatory Hearsay**

The government moves to exclude evidence of exculpatory hearsay. (Doc. 62 at 2–5.) Specifically, the government moves to exclude what it calls "quasi-exculpatory" statements from Defendant's recorded statement with Special Agent Fuller. (*Id.* at 4.) The government acknowledges that Federal Rule of Evidence 106, the "rule of completeness," can override the hearsay rule if fairness so requires. (*Id.* at 3–4.) Defendant argues that fairness requires admission of these statements because otherwise the jury will be left with the impression that Defendant had no explanation for his accident other than illegal drug use. (Doc. 74 at 2.) Defendant also argues that the statements the government wishes to exclude impact the timing of the relationship between firearm possession, drug use, and the accident. (*Id.*)

To determine "whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial court should consider whether '(1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence.'" *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (alteration in original) (citation omitted).

Here, the court cannot properly evaluate this motion prior to trial. The government has not yet put on its evidence, so it is unclear which portions of the recorded statement will be admitted. Once the government has moved to admit particular statements, the court can evaluate whether fairness requires admission of Defendant's hearsay to give the jury the entire picture. The court denies the government's motion without prejudice.

### 4. Jury Nullification Arguments

The government moves to exclude arguments for jury nullification. (Doc. 62 at 5–6.) Defendant does not address this argument in his opposition; the court grants the motion as unopposed.

### C. Defendant's Motion in Limine

Defendant moves to exclude assorted evidence that he describes as Rule 404(b) evidence and evidence of Defendant's mental health under Rule 403. (Doc. 63.) Specifically, Defendant moves to exclude his prior drug-related conviction from Ford County District Court; the prescription pills, ammunition, suspected mushrooms, chemicals, and lab-related equipment found in his home (other than the acetone); and evidence of any mental illness Defendant may have. (*Id.* at 9–16.)

The government does not intend to introduce the Ford County drug-related conviction in its case-in-chief, (Doc. 73 at 1–2), so the motion on this point is granted. The government also does not intend to introduce evidence of the prescription pills, other than incidentally on the body camera footage, so this motion is also granted as unopposed. (*Id.* at 2.) The government opposes the motion regarding the ammunition, suspected mushrooms, chemicals, and lab-equipment. (*Id.* at 6–12.) The government also opposes the motion regarding Defendant's mental health, insofar as it seeks to introduce evidence of Defendant's polysubstance abuse. (*Id.* at 2–6.) The

government argues that the evidence surrounding the ammunition, mushrooms, chemicals, and lab-equipment comes from video and photographs of Defendant's house, and that the evidence is not Rule 404(b) character evidence. (*Id.* at 6–12.)

The government is correct. The video and photographic evidence is not character evidence. Rather this evidence shows the jury the state of Defendant's home when authorities arrived. And even if the evidence was of prior bad acts, any potential evidence of uncharged crimes is inextricably intertwined with highly probative evidence regarding Defendant's drug use and firearm possession. *See United States v. Piette*, 45 F.4th 1142, 1155–57 (10th Cir. 2022). The motion is thus denied on this point because the evidence is admissible under Rules 404 and 403. The motion is also denied as to Defendant's mental health, as the motion is too vague, and mental conditions related to persistent drug use may be relevant to the jury.

### III.   Conclusion

The government's motion to exclude expert testimony (Doc. 59) is DENIED. The government's second motion in limine (Doc. 62) is GRANTED IN PART and DENIED IN PART. Defendant's motion in limine (Doc. 63) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: August 6, 2024          /s/John W. Broomes
                               JOHN W. BROOMES
                               UNITED STATES DISTRICT JUDGE